IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEMARR PRICE,                          :
                                       :
    Movant/Defendant,              :
                                       :
v.                                     :       Criminal Action No. 21-32-GBW-1
                                       :       Civil Action No. 22-1493-GBW
                                       :
UNITED STATES OF AMERICA,              :
                                       :
    Respondent/Plaintiff.          :

---

## **MEMORANDUM**

## I.   **BACKGROUND**

Assistant Federal Public Defender Conor Wilson from the Office of the

Federal Public Defender for the District of Delaware ("FPD") represented Movant

Kemarr Price ("Movant") during his underlying criminal proceeding.  On October

27, 2021, Movant entered a guilty plea to one count of possession with intent to

distribute heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (Count I) and

one count of possession of a firearm in furtherance of a drug trafficking crime, in

violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count II).  (D.I. 22)  On April 5, 2022,

the Honorable Leonard P. Stark sentenced Movant to a total of seventy months of

imprisonment, followed by thirty-six months of supervised release.  (D.I. 36)  On

August 3, 2022, Movant filed a *pro se* Motion to Reduce/Modify Sentence (D.I.

18), which the Court construed to be a Motion to Vacate Sentence Filed Pursuant to 28 U.S.C. § 2255 (D.I. 39). The Court notified Movant it had recharacterized his motion as a § 2255 Motion, and provided him with an opportunity to inform the Court how he wished to proceed. (*See id.*) On November 9, 2022, Movant filed an amended § 2255 Motion, asserting four ineffective assistance of counsel claims ("IAC" claims). (D.I. 42)

The Court ordered the Government to respond to the § 2255 Motion. (D.I. 43) The Government filed a Motion asking the Court to order FPD Wilson to provide an attorney affidavit and supporting documentation regarding three of Movant's IAC Claims because "resolving the [§ 2255] Motion will require information from Mr. Wilson" ("Motion for Attorney Affidavit"). (D.I. 48 at 3) The Court granted the Government's Motion for Attorney Affidavit. (D.I. 49)

Thereafter, the FPD – which is no longer representing Movant – filed a Letter Motion asking the Court to reconsider its Order granting the Government's Motion for Attorney Affidavit and to enter an order denying the request. (D.I. 50 at 7) Alternatively, the FPD's Letter Motion asks the Court to: (1) require the Government to make an additional showing of necessity before ordering former defense counsel to submit an affidavit and any related documentation; or (2) appoint counsel for Movant to ensure that any objections he may have to former counsel providing an affidavit and related documentation is preserved. (D.I. 50 at

2

7) After considering the FPD's Letter Motion, the Court determined there was sufficient reason to revisit the issue.[1]  The Court vacated its Order directing FPD Wilson to submit an affidavit and directed the Government to respond to the assertions in the FPD's Letter Motion for Reconsideration.  (D.I. 51) The Government filed a Response in opposition to the FPD's Letter Motion.  (D.I. 52)

For the reasons that follow, the FPD's Letter Motion for Reconsideration is granted with respect to Claim Three and denied in all other respects.  Relatedly, the Government's Motion for Attorney Affidavit is denied with respect to Claim Three and granted in all other respects.

## II.   LEGAL STANDARD

The Third Circuit has held that motions for reconsideration filed in § 2255 cases are governed by the Federal Rules of Civil Procedure.  *See United States v. Fiorelli*, 337 F.3d 282, 285-86 (3d Cir. 2003).  Motions for reconsideration of final orders are governed by Rules 59(e) and 60(b), whereas motions for reconsideration

---

[1]It has been the Court's established procedure to require attorney affidavits in § 2255 proceedings involving ineffective assistance of counsel allegations when the Government has filed a motion requesting an attorney affidavit and the Court has concluded an affidavit is warranted.  The Court has never explicitly considered this procedure in context with one of the legal authorities cited in the FPD's Letter Motion for Reconsideration, namely, the ABA Committee on Ethics and Professional Responsibility Formal Opinion 10-456 ("ABA Formal Opinion 10-456").  The Court finds sufficient reason to do so now.

3

of interlocutory orders are governed by Rule 54(b).[2] *See Qazizadeh v. Pinnacle*

*Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016); *see also* Fed. R. Civ. P.

54(b) (interlocutory orders "may be revised at any time before the entry of a

judgment adjudicating all the claims and all the parties' rights and liabilities.").

Under Rule 54(b), a movant "must still establish good cause for why the court

should visit its prior [interlocutory] decision," and a court "may permit

reconsideration [of an interlocutory order] whenever consonant with justice to do

so." *Qazizadeh.*, 214 F. Supp. 3d at 295-96 (cleaned up).

## III.   DISCUSSION

Movant asserts the following four IAC Claims in his § 2255 Motion: (1)

defense counsel should have filed a motion for a mental health evaluation; (2)

defense counsel failed to argue that 18 U.S.C. § 924(c) is unconstitutionally vague

and that an intent to distribute narcotics cannot support a conviction under §

924(c); (3) defense counsel should have pursued a sentence reduction under the

---

[2]The Government argues that the Court should deny the FPD's Letter Motion requesting the Court to reconsider its order for FPD Wilson to supply an affidavit because it fails to meet the standard articulated in Federal Rule of Civil Procedure Rule 59(e).  (D.I. 52 at 4)  The Court's Order (D.I. 51) vacating its initial order granting the Government's Motion for Attorney Affidavit (D.I. 49) is not a final judgment.  Therefore, Rule 54(b), and not Rule 59(e), provides the applicable standard. *See Tejada v. Delbalso*, 2022 WL 19519555, at *2 (M.D. Pa. Nov. 23, 2022) (explaining that a motion seeking reconsideration of an interlocutory order "is necessarily brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.").

First Step Act; and (4) defense counsel failed to comply with Movant's instruction to file a direct appeal.  (D.I. 42)

Both the Government and the FPD acknowledge that Movant's IAC allegations effectuate a limited waiver of the attorney-client privilege as to the ineffective assistance issues raised in the § 2255 Motion, as well as to communications between Movant and FPD Wilson that are reasonably related to such allegations.  (D.I. 50 at 3; D.I. 52 at 6); *see Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) ("[I]f the client has voluntarily waived the privilege [of secrecy upon communications between client and attorney], it cannot be insisted on to close the mouth of the attorney."); *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996) (finding that civil rights plaintiff had waived attorney-client privilege by putting criminal defense attorney's advice at issue); *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005) ("The implied waiver in habeas proceedings [is] the result of a Movant's assertion of this own counsel's ineffectiveness.").  *See also* American Bar Association Model Rule of Professional Conduct 1.6 (recognizing that a disclosure of information may be impliedly authorized under certain circumstances including when a lawyer must

respond to allegations in any proceeding concerning the lawyer's representation of the client). The FPD and the Government disagree, however, as to whether Movant's IAC Claims can be resolved on the basis of the existing record and whether requiring FPD Wilson to file an affidavit in response to Movant's IAC allegations is the proper method for obtaining information that is necessary to fairly resolve Movant's IAC Claims.

The FPD presents the following arguments in opposition to ordering FPD Wilson to provide an affidavit responding to the IAC allegations in Claims One, Three, and Four:[3] (1) the Claims can be answered "on the basis of the public record" "without input from defense counsel" (D.I. 50 at 2); (2) directing FPD Wilson to file an affidavit responding to Movant's assertions essentially requires the FPD's office to "assist" the Government in preparing its response to the Motion and that such alleged "active collaboration" between the FPD's office and the Government goes against the interests of a former client to whom [it] owes a continuing duty of loyalty" (*Id.* at 1, 3); (3) ABA Formal Opinion 10-456 bars the FPD from providing an attorney affidavit in response to Movant's IAC Claims because "the extent of trial counsel's disclosure to the prosecution would be unsupervised by the court" (*Id.* at 5-7); and (4) the Rules governing § 2255 motions do not expressly authorize a non-party affidavit before the Government

---

[3]The Government did not request an attorney affidavit for Claim Two. (*See* D.I 48 at 3 n.1)

responds (*Id*. at 5-6). The FPD asserts that, "to the extent [] any input from defense counsel is needed, it should take the form of in-court testimony, not the sort of open-ended, out-of-court collaboration the [G]overnment has requested here." (*Id*. at 2)

In response, the Government asserts it is not seeking unfettered access to the FPD's file and communications with Movant. (D.I. 52 at 7) The Government contends: (1) an attorney affidavit and the production of documents is necessary and proper because the three IAC Claims at issue "are predicated on communications with counsel and involve defense strategy" and cannot be answered by relying on the record without additional discovery (*Id*. at 8); (2) an attorney affidavit does not require collaboration and/or consultation with the Government outside of judicial supervision (*Id*. at 13); (3) the FPD has not provided support for its assertion that the § 2255 Rules do not authorize non-party affidavits (*Id*. at 9-10); and (4) an attorney affidavit is compliant with ABA Formal Opinion 10-456. (*Id*. at 10-12)

### A. Can the Claims be Decided on the Existing Record

As a threshold issue, the Court considers the FPD's assertion that Movant's Claims can be decided by referencing the record without requiring additional discovery or information from FPD Wilson. With respect to Claim One, the record provides information regarding Movant's diagnosis of depression but does not

7

provide any information as to whether FPD Wilson considered raising the diagnosis at sentencing.  Given these circumstances, the Court concludes that the Government cannot respond to the IAC allegation in Claim One without FPD Wilson's input.

With respect to Claim Three, the Court finds that the Government can determine whether Movant's argument regarding the First Step Act was available and potentially meritorious based on established law and information already in the record.  Since the Government can respond to Movant's allegations in Claim Three without FPD Wilson's input, the Court concludes that the FPD has provided good cause for the Court to reconsider requiring an affidavit from FPD Wilson responding to Claim Three.

Finally, with respect to Claim Four, the Court finds that the Government cannot adequately and appropriately respond to Movant's allegation that defense counsel failed to comply with Movant's request to file an appeal on the basis of the record alone.  Although the Plea Agreement contains an express appellate waiver provision, (D.I. 22 at ¶ 13), FPD Wilson's communications with Movant may be critical to properly evaluate the IAC allegation in Claim Four.  *See, e.g., Pettway v. United States*, 2021 WL 5288990, at *2 (6th Cir. Apr. 8, 2021) (opining that "[t]he district court arguably erred when it concluded that Pettway's claim necessarily lacked merit in light of the appeal waiver in his plea agreement. The waiver

provision preserved Pettway's right to raise ineffective-assistance claims on appeal, and it could not bar him from attacking the validity of the plea agreement or the appeal waiver itself."); *see also Garza v. Idaho*, 139 S.Ct. 739, 749-50 (2019) ("[W]here, as here, an attorney performed deficiently in failing to file a notice of appeal despite the [movant's] express instructions, prejudice is presumed with no further showing from the [movant] of the merits of his underlying claims."). Therefore, the Government cannot respond to Movant's allegations in Claim Four without FPD Wilson's input.

The Court also finds that the transcript of Movant's Change of Plea Hearing held on October 27, 2021 would provide additional relevant information for deciding Claim Four. Since the Change of Plea Hearing has not been transcribed, the Court will direct the Government to procure the transcript of Movant's Change of Plea Hearing and file a copy concurrently with its Response to the § 2255 Motion. *See* Rule 5(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

## B. The Proper Method For Disclosure

Having determined that the existing record does not provide enough information for the Government or the Court to evaluate Movant's IAC allegations in Claims One and Four, the Court must determine whether the FPD's arguments provide "good cause" for the Court to reconsider its Order requiring FPD Wilson

9

to provide an affidavit responding to the IAC allegations in Claims One and Four.

For the following reasons, the Court concludes that the FPD's Letter Motion does

not warrant reconsideration of this procedure.

First, contrary to the FPD's assertions, the Rules Governing Section 2255

Proceedings do empower the Court to require FPD Wilson to provide an affidavit

response. As aptly explained by the District Court for the Eastern District of

Virginia:

> First, Rule 7 of the Rules Governing Section 2255
> Proceedings expressly authorizes the use of affidavits to
> expand the record. Second, "affidavits ... supply the
> basic information required by the United States to allow
> it to respond to [a movant's] section 2255 motion while
> simultaneously ensuring a reasonable limitation on the
> breadth of the waiver of the attorney-client privilege."
> Third, "this ordered-filing brings the affidavit[s] and
> disclosure[s] within the court's supervision," to the extent
> there are any concerns about disclosures occurring
> outside of "formal" proceedings like evidentiary
> hearings.

*Courtade v. United States*, 243 F. Supp. 3d 699, 705-06 (E.D. Va. 2017).

Second, the FPD's reliance on ABA Formal Opinion 10-456 to support its

assertion that requiring FPD Wilson to provide an affidavit "jeopardizes [its]

continuing duty of loyalty to former clients" is unpersuasive. ABA Formal

Opinion 10-456 asserts:

> A client's express or implied waiver of the attorney-
> client privilege has the legal effect of forgoing the right
> to bar disclosure of the client's prior confidential

communications in a judicial or similar proceeding. Standing alone, however, it does not constitute "informed consent" to the lawyer's voluntary disclosure of client information outside such a proceeding.

*          *          *

Permitting disclosure of client confidential information outside court-supervised proceedings undermines important interests protected by the confidentiality rule. Because the extent of trial counsel's disclosure to the prosecution would be unsupervised by the court, there would be a risk that trial counsel would disclose information that could not ultimately be disclosed in the adjudicative proceeding. Further, allowing criminal defense lawyers voluntarily to assist law enforcement authorities by providing them with protected client information might potentially chill some future defendants from fully confiding in their lawyers.

Against this background, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable. It will be rare to confront circumstances where trial counsel can reasonably believe that such prior, ex parte disclosure, is necessary to respond to allegations against the lawyer.

ABA Formal Opinion 10–456, at 2, 5. As an initial matter, ABA Formal Opinion 10-456 is not binding on this Court.[4] Nevertheless, requiring FPD Wilson to

---

[4]An ABA ethics opinion is not binding on this Court unless adopted. *See* Publications: Model Rules of Professional Conduct, Am. Bar. Ass'n, https://www.americanbar.org/groups/professional_responsibility/publications/ (last visited November 30, 2023); ABA Formal Opinion 10-456 at 1 n.1 ("The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individua jurisdictions are controlling."); *see also United States v. Rice*, 2020 WL 4015354, at *3-4 (M.D. Pa. July 16, 2020). Although the District

provide an affidavit addressing the IAC allegations in Claims One and Four actually complies with the procedure discussed in Formal Opinion 10-456 because a court-ordered affidavit "limit[s] unnecessary exposure of formerly privileged information" in "a court-supervised setting." *United States v. Bellock*, 2016 WL 234852, at *2 (S.D.Miss. Jan. 20, 2016).

Third, the Court disagrees with the FPD's contention that requiring FPD Wilson to file an affidavit amounts to assisting or collaborating with the Government. FPD Wilson's affidavit will only disclose sufficient information to enable the Government to respond to Movant's specific IAC allegations in Claims One and Four.

Finally, the Court views as unnecessarily burdensome the FPD's alternate method for evaluating Movant's IAC Claims. In lieu of ordering FPD Wilson to provide an affidavit at this stage, the FPD appears to suggest that Court should engage in the following three-step process: (1) order the Government to respond to Movant's IAC Claims on the existing record; (2) evaluate Movant's Claims in light of the Government's response; and (3) hold an evidentiary hearing to address any unresolved issues. (D.I. 50 at 2) This process would be unnecessarily duplicative, burdensome, and contrary to the principles of judicial economy. *See, e.g., Courtade*, 243 F.Supp.3d at 705. Additionally, the Court concurs with the

---

of Delaware uses the Model Rules of Professional Conduct – *see* D. Del. LR 83.6(d) – it has not adopted ABA Formal Opinion 10-456.

Government's assertion that "an evidentiary hearing alone – absent any pre-hearing discovery or exchange of documents – [would be] insufficient to properly develop the record and [would] unfairly prejudice[] the [G]overnment's ability to respond to Movant's claims."  (D.I. 52 at 14); *see Rice*, 2020 WL 4015354, at *3 ("Prehearing discovery, subject to appropriate restrictions, will enhance preparation in the instant matter, particularly given the court's familiarity with the trial record as well as the complexity of counsel's representation.").

It is well-settled that district courts retain "substantial discretion in the conduct of [§§ 2254 and 2255 cases]," and "may decide to order expansion of the record to facilitate a disposition on the merits without the need for an evidentiary hearing." *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996); *see Pinson*, 584 F.3d at 979; *United States v. Laguerre*, 70 F. App'x 606, 608 (2d Cir. 2003) ("[t]his Court has the discretion to order a full evidentiary hearing or to limit the fact-finding to an affidavit from Movant's trial counsel."); *United States v. Chacon-Palomares*, 208 F.3d 1157, 1160 (9th Cir. 2000) (a district court "can expand the record in a § 2255 proceeding and thereby answer any unanswered questions, making it unnecessary for the court to conduct a hearing.").

Having determined that the existing record does not provide enough information for the Government or the Court to evaluate Movant's IAC allegations in Claims One and Four, the Court elects to use an attorney affidavit as the method

of disclosure rather than the FPD's suggested three-step process. Accordingly, the Court will deny the FPD's Letter Motion for Reconsideration with respect to Claims One and Four.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant the FPD's Letter Motion for Reconsideration in part and deny it in part. The Court will grant the Letter Motion with respect to Claim Three and not require FPD Wilson to provide an affidavit addressing the IAC allegations contained therein. The Court will deny the Letter Motion with respect to Claims One and Four.

Relatedly, the Court will grant the Government's Motion for Attorney Affidavit in part and deny it in part. The Court will grant the Government's Motion with respect to Claims One and Four and order FPD Wilson to provide an affidavit responding to the IAC allegations contained within those Claims. The Court will deny the Government's Motion with respect to Claim Three.

Additionally, having determined that the transcript of Movant's Change of Plea Hearing would be useful to the disposition of at least one of Movant's Claims,

the Court will order the Government to procure the Change of Plea Hearing

transcript and file it simultaneously with its Answer.

Dated: December 4, 2023

_____

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE